**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY ALLEN STURM,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY A. BEARD, Ph.D., *et al.*,<br><br>    Respondents. | Case No. SA CV 11-0448 FMO (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("FAP"), the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

      Petitioner's Objections generally lack merit for the reasons set forth in the Report and Recommendation. There are three issues, however, that warrant brief amplification here.

      First, Petitioner claims in his Objections that the Court did not address his procedural due process claim regarding the trial court's failure to conduct a competency hearing. (Obj. at 15-19.) "Due process requires a trial court to hold a competency hearing *sua sponte* whenever the evidence before it raises a reasonable doubt whether a defendant is mentally competent." *Miles v. Stainer*, 108 F.3d 1109, 1112 (1997). As explained in the Report and Recommendation, the evidence did not

suggest that Petitioner was legally incompetent. (R&R at 17-21.) Accordingly, the evidence before the trial court did not raise a reasonable doubt as to whether Petitioner was mentally competent to stand trial, and thus did not trigger the trial court's duty to conduct a hearing on the issue.

Next, Petitioner faults the Court for failing to analyze a claim pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). (Obj. at 29-36.) In particular, Petitioner cites to pages 5 and 5a of the FAP to establish that a *Miranda* claim was, in fact, presented to the Court.[1] This, however, is not the case. Indeed, Petitioner's second ground for relief, presented on pages 5 and 5a of the FAP, claims error for the "state's use of involuntary, coerced and false incriminating statements, and counsel's failure, wholly or adequately to move for their suppression." (FAP at 5.) In the supporting facts section of this claim, Petitioner states that "[t]he police did not ask petitioner if he waived his *Miranda* rights." (*Id*. at 5-5a.) In the Traverse, Petitioner titles his claim "Coerced and False Confession," and makes no mention of a *Miranda* violation. (Traverse at 11.) In sum, the fact that Petitioner cites *Miranda* in passing in the FAP to support his involuntary confession claim does not put the Court on notice of a purported *Miranda* violation.[2] Nevertheless, to the extent Petitioner intended to raise a *Miranda* claim, the Court has considered his arguments and finds them unavailing.

Finally, Petitioner faults the Court for finding that alleged acts of ineffective assistance of counsel did not result in prejudice, where Petitioner could have instead been found guilty of first degree *felony* murder. Specifically, Petitioner argues that a conviction for first degree felony murder would have reduced his potential prison term to 25 years to life, rather than his current sentence of life without the possibility of

---

[1] Petitioner actually cites to the "Petition." (Obj. at 30.) The Court presumes Petitioner intended to cite to the FAP, the operative document in these proceedings.

[2] The Court also notes that Petitioner is represented by counsel and is not, for example, a *pro se* litigant. *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (*pro se* pleadings liberally construed).

parole under his first degree murder conviction.  (Obj. at 44-45.)  While it is true that a conviction of first degree felony murder alone might have resulted in a sentence of 25 years to life, Cal. Penal Code §§ 189, 190(a), Petitioner fails to account for the special circumstance allegations charged against him.  The evidence presented at trial, particularly the evidence that Petitioner took a central role in the crimes, would support a finding of liability for the burglary- and robbery-murder special circumstances, even where, under the felony murder theory, the evidence might not support a finding of premeditation and deliberation.  *See People v. Rountree*, 56 Cal. 4th 823, 854 (2013).  Accordingly, Petitioner would have remained subject to a sentence of life in prison without the possibility of parole even if he had been convicted of first degree felony murder.  *See* Cal. Penal Code § 190.2(a).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the FAP and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Thus, the Court declines to issue a certificate of appealability.

DATED: December 19, 2013

_____/s/_____
HON. FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE